

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 25, 2024

**By ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Ali Doby*, 22 CR 142 (VSB)

Dear Judge Broderick,

  The Government respectfully submits this letter in advance of the defendant's sentencing, currently scheduled to proceed on March 29, 2024 at 11:00 AM. In light of the sentences previously imposed against co-defendants in the above-captioned case, the Government writes (i) to supplement the Presentence Investigation Report dated March 7, 2024 (the "PSR") in certain respects relevant to the sentencing factors outlined in 18 U.S.C. § 3553(a); (ii) to request respectfully that whatever sentence the Court imposes here, it sets that sentence on an anticipatory basis to run consecutively to whatever sentence, if any, is imposed in unrelated state court proceedings against the defendant in *People v. Ali Doby*, Ind. No. 71233/2022, which is pending in the New York State Supreme Court for Bronx County; and (iii) to enter the preliminary order of forfeiture whose amount the defendant agreed to pay as part of his plea agreement with the Government and that is enclosed as Exhibit A.

### Supplement to PSR

  In terms of the defendant's instant offense conduct, the Government generally relies upon the description of the offense conduct set out in the PSR, which substantially draws from information that the Government supplied to Probation. (PSR at ¶¶ 21-40). At its outset, the PSR notes that the defendant was arrested in connection with this case on or about February 17, 2022 (*see* PSR at 1), when members of the New York City Police Department ("NYPD") found him inside Apartment 1E of 2685 Valentine Avenue in the Bronx, New York, into which police officers had entered in hot pursuit of a co-conspirator of the defendant whom they had observed in possession of a firearm and chased for that reason. Inside Apartment 1E, members of the NYPD and Drug Enforcement Administration ("DEA") eventually executed a search warrant and seized multiple loaded firearms as well as approximately 150 glassines containing a mixture of fentanyl and heroin together with paraphernalia associated with the distribution and use of cocaine base and also fentanyl and heroin. The defendant was presented in the Southern District of New York on or about February 19, 2022 and released on conditions. Although he was arrested in connection

with unrelated state court proceedings on or about April 5, 2022 and remanded into the custody of the New York City Department of Correction, the defendant was not detained in connection with this case until on or about July 13, 2022, when he was writted into the Southern District of New York, arraigned on the above-captioned case, and remanded into the custody of the United States Marshals Service. Thus, for all purposes, the defendant's confinement for these federal court proceedings began on or about July 13, 2022.

In terms of the defendant's institutional adjustment, on or about April 28, 2023, the defendant participated in an assault on two corrections officers at the Bureau of Prisons ("BOP") inside the Metropolitan Detention Center, striking both victims in the head and on the face. An incident report obtained from the BOP is enclosed as Exhibit B.

### Unrelated State Court Proceedings

Since *Setser v. United States*, 132 S. Ct. 1453 (2012), it is black letter law that a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed. And nothing in the United States Sentencing Guidelines purports to meaningfully guide, let alone constrain, this discretion, where, as here, the criminal activity underlying the federal sentence and the anticipated state sentence are wholly unrelated. *See* U.S.S.G. § 5G1.3; 18 U.S.C. § 3584

It is that last point where the Government begins its argument on behalf of a consecutive sentence. There is no tie whatsoever between the defendant's participation in the instant offense and his participation in an alleged murder on or about September 18, 2020. The incidents are completely distinct in their participants, their location, and the nature of the criminal activity. No one of the defendant's co-defendants or co-conspirators in this case had anything whatsoever to do with the alleged murder or any of the participants involved in that murder, including the perpetrators and the victim. Although the alleged murder occurs during the time period of the defendant's participation in a conspiracy to distribute controlled substances, this factor alone cannot be determinative or else such a conspiracy would inoculate all defendants charged with it from any other criminal activity that they committed during it. Among other things, in his plea agreement with the Government, the defendant stipulated that his offense conduct involved at least two kilograms of cocaine base, an amount of controlled substance, regardless of whether it was cocaine or cocaine base, that carries a statutory mandatory minimum sentence of five years' imprisonment. If the Court allows the defendant to receive a state sentence for the alleged murder that runs concurrently to the federal sentence here, then the Court will effectively reduce the federal sentence by the amount of the state sentence, which would be contrary to the interests of justice and would fail to account for the seriousness of this offense, let alone the seriousness of the pending state charges. At bottom, this defendant should not be permitted to elide, whether in whole or in part, the consequences for committing serious crimes *through the commission of other, unrelated crimes, let alone such unrelated crimes that are of equal or greater gravity, as is the case here.*

### Conclusion

For the reasons set out above, the Government respectfully requests that the Court sentence the defendant to a term of imprisonment within the statutory range authorized under 21 U.S.C. §§ 846 and 841(b)(1)(B) that is set consecutively to any sentence that is ever imposed in *People v.*

*Ali Doby*, Ind. No. 71233/2022, which is pending in the New York State Supreme Court for Bronx County; impose a term of supervised release of four years, the mandatory minimum term of supervised release; and enter the proposed order of forfeiture.

         Respectfully,

         DAMIAN WILLIAMS
         United States Attorney

By:   /s/
         Michael R. Herman
         Thomas John Wright
         Assistant United States Attorney
         (212) 637-2221/2295

Enclosure

cc: Philip Hamilton (Counsel to Defendant Ali Doby) (by ECF)